FILED

JUL 16 2010

~~[signature]~~
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

RACHEL A. KOPMAN,                    )        CIV. 10-4093
                                     )
              Plaintiff,             )
                                     )
vs.                                  )        **COMPLAINT**
                                     )
CITY OF CENTERVILLE and JAY          )
OSTREM, Individually and in his      )
Official Capacity,                   )
                                     )
              Defendants.            )

COMES NOW the Rachel Kopman for her Complaint and states and alleges as

follows:

### PARTIES

1.     Rachel Kopman is the former Chief of Police of Centerville, South Dakota.

Kopman is currently a resident of Vancouver, Washington. At all time relevant to this

matter, Kopman was a resident of Centerville, South Dakota.

2.     The City of Centerville is an incorporated city organized and existing under

and by virtue of the laws of the State of South Dakota, and is located in Turner County,

South Dakota.

3.     Jay Ostrem is the current mayor of Centerville and is a resident of Turner

County. Ostrem was mayor and/or a Centerville City Council member for all times

relevant to this matter.

### JURISDICTION AND VENUE

4.     Kopman hereby incorporates all preceding paragraphs of this

1

Complaint as if specifically alleged herein.

5.     On or about October 7, 2009, Kopman submitted a Charge of Discrimination with the South Dakota Division of Human Rights.

6.     On February 25, 2010 the Division of Human Rights found there was probable cause to believe that sexual discrimination/harassment and retaliation had occurred against Kopman.

7.     Centerville and Ostrem elected to have this matter proceed in court pursuant to SDCL § Ch. 20-13.

8.     Kopman exhausted her administrative remedies under SDCL § Ch. 3-18.

9.     This court has federal jurisdiction pursuant to 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution (Equal Protection Clause), and 28 U.S.C. §§ 1331, 1332, and 1343.  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Kopman's state law claims.

10.     Venue is proper with this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the boundaries of the Southern Division.

## GENERAL ALLEGATIONS

11.     Kopman hereby incorporates all preceding paragraphs of this Complaint as if specifically alleged herein.

12.     Kopman was hired as Centerville's Chief of Police on or about June 2, 2008.

2

13.     Kopman served as the Chief of Police without receiving a disciplinary action or report against her until she complained of acts of sexual harassment/discrimination.

14.     Kopman routinely worked 50-60 hour weeks, and worked hard to serve Centerville as its Chief of Police.

15.     Kopman was the only full-time police officer on staff in Centerville.

16.     Ostrem had praised Kopman's work as a police officer up until September 2, 2009, when she had complained to Nancy Kludt, Centerville's Finance Manager, about the sexual harassment/discrimination she had received from Ostrem and Greg Baker, a Centerville City Council member.

17.     While working for Centerville, Kopman was repeatedly inundated with sexually inappropriate comments and remarks from Ostrem beginning in July 2008. Ostrem was a Centerville City Council member at that time, and continued to serve in that capacity until he was elected mayor.

18.     Ostrem repeatedly subjected Kopman to sexual comments and remarks which were unwelcome, inappropriate and embarrassing.

19.     Ostrem also made gender-based comments to Kopman, which were unwelcome and degrading, including comments about Kopman's monthly menstrual cycle, that Kopman was doing a "man's job," and that women do not have the ability to be successful law enforcement officers like men do.

20.     Ostrem also made comments about how he wanted to have sexual relations with Kopman.

3

21.   Baker sent Kopman unwelcome, sexually offensive text messages and sexually graphic photographs in late summer/early fall 2009. These text messages and pictures were sent to Kopman's cell phone, which was also used for police business.

22.   Although Kopman feared for her job, Kopman repeatedly told Ostrem and Baker that she found their comments and text messages inappropriate, unprofessional, and that they made her feel uncomfortable, embarrassed and humiliated. It was clear to Ostrem and Baker that their conduct toward Kopman was unwelcome and inappropriate.

23.   Kopman was scared to file a complaint of sexual harassment/discrimination because Ostrem had bragged to Kopman several times before that he was good at getting people fired. Ostrem had previously told Kopman that she had better not get on his bad side. Ostrem boasted about his role in getting two Turner County Deputies fired, and that all he had to do was "plant seeds and watch them grow."

24.   Ostrem also previously told Kopman that if he wanted someone gone, it was easy to do.

25.   Ostrem, as mayor, is the personnel manager for Centerville and responsible for personnel practice and procedures.

26.   On September 2, 2009, Kopman met with Centerville Finance Manager Nancy Kludt. Kopman told Kludt about the sexual harassment/discrimination she was receiving and that she wanted to file a complaint with the City. Kopman also told Kludt she was filing a Charge of Discrimination with the Division of Human Rights.

27.     Kopman, after reporting her complaints to Kludt, received a letter of
reprimand from Ostrem regarding alleged deficiencies in her performance as Chief of
Police.

28.     Kopman's employment was suspended without pay on October 1, 2009.

29.     Kopman's employment was terminated on November 2, 2009.

30.     Kopman, although never written up or disciplined before making her
complaint, was not disciplined under Centerville's progressive discipline policy as
outlined in its Employee Manual even though the City Attorney mentioned it in his
September 23, 2009 letter to Kopman.

### COUNT I
### SEXUAL HARASSMENT
### (Hostile Work Environment)
### 42 U.S.C. § 1983 14th Amendment Against All Defendants

31.     Kopman hereby incorporates all preceding paragraphs of this Complaint as
if specifically alleged herein.

32.     Baker sent Kopman sexually inappropriate text messages and pictures
while she was Centerville's Chief of Police.

33.     Ostrem made sexually inappropriate comments and remarks to Kopman,
including but not limited to comments about her looks and physical features.  Ostrem also
continually made comments about Kopman's gender, how she was doing a man's job,
and how women could not be half the police officer that men were.

34. Ostrem also made comments regarding Kopman's gender and how he wanted to have sexual relations with her. Ostrem undermined Kopman's professional credibility and reputation as a police officer.

35. Ostrem's comments made Kopman uncomfortable, embarrassed, and humiliated. Ostrem's comments demeaned Kopman, undermined her credibility as a police officer, and were meant to degrade Kopman as a woman.

36. Ostrem's and Baker's comments and text messages, as Kopman's supervisors, created a hostile work environment and constituted sexual harassment/discrimination.

37. The discomfort, embarrassment, and humiliation from Ostrem's repeated, unwelcome comments and Baker's text messages interfered with Kopman's ability to do her job.

38. Kopman asked Ostrem and Baker to stop, and the behavior did not stop.

39. Kopman's right to be free from sexual harassment and discrimination is well established under the 14th Amendment's Equal Protection Clause.

40. Defendants' action was done under color of law.

41. Such deliberate indifference, conscious disregard and all actions, conduct, errors and omissions complained on the part of Centerville and Ostrem, individually and in his official capacity, jointly and severally, have violated Kopman's constitutionally protected 14th Amendment rights and their violations are actionable under 42 U.S.C. § 1983.

## COUNT II
## RETALIATION
### 42 U.S.C. § 1983 Against All Defendants

42.     Kopman hereby incorporates all preceding paragraphs of this
Complaint as if specifically alleged herein.

43.     Kopman, after realizing the harassment would not stop after asking Ostrem
and Baker to stop, reported to Kludt about the sexual harassment/discrimination she was
receiving to Kludt wanted to file and informed Kludt that she wanted to file a complaint
with the City and that she was filing a Charge of Discrimination with the Division of
Human Rights.

44.     Approximately two weeks after complaining to Kludt, Kopman received a
letter of reprimand from Ostrem listing alleged deficiencies in the performance of her job.

45.     Prior to complaining to Kludt, Kopman never received one reprimand or
complaint about her performance as the Centerville Chief of Police.

46.     The previous Centerville Mayor stated that no problems were ever reported
to her about Kopman and that she had never received a complaint about Kopman's
performance as Chief of Police.

47.     Centerville suspended Kopman without pay on October 1, 2009.

48.     Centerville terminated Kopman's employment on November 2, 2009.

49.     Defendants retaliated against Kopman because she made a complaint of
sexual harassment/discrimination against Ostrem, Baker, and Centerville with the City
and Division of Human Rights.

7

50.     Defendants were acting under color of law and Kopman's right to be free from retaliation for exercising her right to make a complaint of sexual harassment and be free of retaliation is well established under the 14th Amendment's Equal Protection Clause.

**COUNT III**
**SEXUAL HARASSMENT**
**Under South Dakota Law Against All Defendants**

51.     Kopman hereby incorporates all preceding paragraphs of this Complaint as if specifically alleged herein.

52.     Baker sent Kopman sexually inappropriate text messages while she was Centerville's Chief of Police.

53.     Ostrem made sexually inappropriate comments to Kopman, including but not limited to comments about her looks and that Kopman was a "hot mama" and "hot cop." Ostrem continually made comments about Kopman's gender, how she was doing a man's job, and undermined her as a female and police officer.

54.     Ostrem's comments and Baker's text messages made Kopman uncomfortable. Ostrem's comments demeaned Kopman, undermined her credibility as a police officer, and were meant to degrade Kopman.

55.     Ostrem's repeated, unwelcome comments and Baker's text messages interfered with Kopman's ability to do her job.

56.     Ostrem's and Baker's comments, as Kopman's supervisors, created a hostile work environment and constituted sexual harassment/discrimination.

## COUNT IV
## RETALIATION
### Under South Dakota Law Against All Defendants

57.     Kopman hereby incorporates all preceding paragraphs of this
Complaint as if specifically alleged herein.

58.     Kopman, after realizing the harassment/discrimination would not stop after
asking Ostrem and Baker to stop, complained to Kludt about it and informed Kludt she
wanted to file a complaint and was filing a Charge of Discrimination with the Division of
Human Rights.

59.     After complaining to Kludt, Kopman received a letter from Ostrem listing
alleged deficiencies in the performance of her job.

60.     Prior to complaining to Kludt, Kopman never received one complaint about
her performance as the Centerville Chief of Police.

61.     The previous Centerville Mayor informed the Division of Human Rights
that she never received one complaint about Kopman's performance as Chief of Police.

62.     Ostrem and the City Council suspended Kopman without pay on October 1,
2009.

63.     Ostrem and the City Council terminated Kopman's employment on
November 2, 2009.

64.     Defendants retaliated against Kopman because she made a Complaint of
sexual harassment/discrimination against Ostrem, Baker, and Centerville with the City
and with the Division of Human Rights.

9

**WHEREFORE,** Kopman prays for relief as follows:

1.     For an award of money damages which will compensate her for lost wages and benefits, humiliation, diminishment of earning power, loss of reputation, future lost wages, and past and future emotional pain and suffering in an amount to be determined at trial;

2.     For an award of punitive damages;

3.     For an award of attorney fees as allowed by the Court under 42 U.S.C. §§ 1983 and 1988;

4.     For an award of interest, costs, and disbursements of this action as allowed by law and the Court; and

5.     For such other and further relief as the Court may deem just and proper.


### PLAINTIFF DEMANDS TRIAL BY JURY UNDER RULE 38(b)


Dated this __16__ day of July, 2010.

                    LYNN, JACKSON, SHULTZ & LEBRUN, P.C.


                    Ryland Deinert
                    Attorneys for Plaintiff
                    PO Box 2700
                    Sioux Falls, SD  57101-2700
                    605-332-5999
                    Fax:  605-332-4249
                    rdeinert@lynnjackson.com